UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SAMUEL ANSTEY,

      Petitioner,

v.                              Civil Action No. 2:17-cv-03462

RALPH TERRY, Warden, Mount
Olive Correctional Complex,

      Respondent.


## MEMORANDUM OPINION AND ORDER

Pending is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, filed June 28, 2017, and respondent's motion for judgement on the pleadings, filed March 30, 2018. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On December 19, 2018, the magistrate judge entered her PF&R recommending that the court grant the respondent's motion for judgment on the pleadings, deny the petitioner's petition, and dismiss this case. The court granted petitioner's request for additional time to file his objections, which were subsequently filed on January 22, 2019.

The court thereafter granted petitioner's request to temporarily stay consideration of his petition so that he may conduct proposed testing to gather further evidence. On July 25, 2019, petitioner's counsel informed the court that the testing produced no new evidence and that the court may proceed to consider the petition. The court accordingly does so.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

The petitioner raises five objections to the PF&R. First, the petitioner contends that the magistrate judge incorrectly applied the standard of review for a judgment on the pleadings. Specifically, he contends that the magistrate judge considered solely the state's circumstantial theory of his case and failed to consider the evidence the petitioner presented as attachments to his habeas petition. A cursory review of the magistrate judge's opinion, however, reveals that the magistrate judge appropriately considered the relevant facts and analyzed the petition under the proper standard of review.

The magistrate judge first found that the "newly discovered evidence" that the petitioner asserts entitles him to relief -- the National Fire Protection Association 921 Guide for Fire and Explosion Investigations ("NFPA 921"), which was not the national authority for standards in fire investigations until 2000 -- is not a factual predicate that satisfies the requirements for second or successive petitions under 28 U.S.C. § 2244(b)(2). That provision states that a claim in a second or successive habeas corpus application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Only subsection (B) is applicable here. As to this issue, the magistrate judge found: first, that the NFPA 921 standards are not a factual predicate but simply allow for new conclusions to be drawn from the already pre-existing facts; second, that the petitioner failed to show that the NFPA 921 could not have been previously discovered through the exercise of due diligence

because the standards were created in 1992, seven years prior to his previously-filed 1999 petition, even though they were not the national standard until 2000; and third, that aside from the failures under subsection (B)(i), the petitioner nonetheless failed to establish that even if the fire investigation presented at trial was disproven because of the new NFPA 921 standards, no reasonable factfinder would have found him guilty. The first objection refers primarily to this third conclusion. However, the magistrate judge indeed applied the correct standard when she considered whether the remainder of the evidence -- even without the fire investigation, which is the portion of the evidence the petitioner is contesting -- could sustain a guilty verdict. PF&R at 13-16. Moreover, having already reached two conclusions which found that the petitioner failed to meet the requirements of § 2244(b)(2)(B)(i), the magistrate judge's conclusion under § 2244(b)(2)(B)(ii) is not vital to the ultimate conclusion reached in the PF&R.

The magistrate judge next found that the second or successive petition was untimely under 28 U.S.C. § 2244(d)(1), which establishes a one-year filing deadline, because, at the latest, the NFPA 921 standards could have been discovered in 2011, which, according to one of the petitioner's experts, is when the most recent version of the NFPA 921 standards were produced. As the magistrate judge stated, explicitly applying

4

the correct standard of review: "when construing the period most liberally in Anstey's favor, the one-year statute of limitations began in 2011 when the version of NFPA 921 was published that provided the fire investigations standards that form the basis of Anstey's expert affidavits[.]"

The magistrate judge then denied petitioner's argument that his actual innocence claims render his second or successive petition cognizable, again correctly noting that even without the fire investigation -- that is, even assuming petitioner's claim was accepted -- it was not more likely than not that no reasonable juror would have found him guilty, applying the same standard as previously discussed for § 2244(b)(2)(B)(ii). Additionally, the magistrate judge correctly noted that: a freestanding claim of actual innocence has not been recognized by the Fourth Circuit or Supreme Court outside of a capital context; nonetheless the standard for a freestanding innocence claim is extraordinarily high; and the petitioner has not asserted new evidence supporting his factual innocence, but rather asserts that if the NFPA 921 standards would have been used to purportedly disprove the investigation at trial, the state could not have proven him guilty. The magistrate judge applied the correct standard and found this insufficient. Because the correct standard was applied for each of the

magistrate judge's conclusions, the petitioner's first objection is overruled.

Second, the petitioner objects to the magistrate judge's finding that an evidentiary hearing was not warranted to resolve this case, contending that the petitioner would have been able to provide evidence to support his innocence claim in an evidentiary hearing.  However, the magistrate judge provided several, independent reasons as to why the petition must be dismissed, even when, as already discussed, construing all facts in the petitioner's favor.  Thus, the magistrate judge correctly concluded that an evidentiary hearing was unnecessary, and the second objection is overruled.

Third, petitioner objects generally to the magistrate judge's conclusion that the petitioner failed to meet the requirements of § 2244(b)(2)(B).  Specifically, he disputes the magistrate judge's conclusions that the NFPA 921 does not constitute a factual predicate, that the NFPA 921 could have been discovered through due diligence, and that the petitioner could not prove by clear and convincing evidence that no reasonable factfinder would have found him guilty of first-degree murder by arson.  However, the petitioner presents no new arguments of which the magistrate judge did not properly dispose.  Accordingly, the third objection is overruled.

Fourth, petitioner objects to the magistrate judge's finding that the petition was beyond the one-year statute of limitations because, according to the petitioner, the deadline of 28 U.S.C. § 2244(d)(1) does not apply to second or successive petitions. The magistrate judge discussed this issue and found that the clear language of the statute applies to any habeas petition, including second or successive ones. The court agrees with this analysis and further notes that courts consistently apply the statute of limitations to second or successive petitions, and the petitioner has not provided a case demonstrating otherwise. See e.g., McLean v. Clarke, No. 2:13CV409, 2014 WL 5286515, at *7 (E.D. Va. June 12, 2014) (applying the statute of limitations to a second or successive § 2254 petition but nonetheless finding that the petition was timely due to equitable tolling when the motion for authorization to file the petition was filed within the one-year deadline, "[d]ue to the lack of case law in the Fourth Circuit regarding whether filing the petition with the motion for authorization is sufficient to meet the statute of limitations, conflicting case law in the circuits to address the issue," and the circumstances of the filing in that case.); and Fierro v. Cockrell, 294 F.3d 674, 680 (5th Cir. 2002) (applying the statute of limitations to a second or successive petition and finding that it was outside of the statute of limitations

despite the motion for authorization being filed within the one-year period, because the motion for authorization was not itself an application for a writ of habeas corpus). The fourth objection is overruled.

Lastly, the petitioner objects to the magistrate judge's finding that the freestanding claim of actual innocence fails. Petitioner asserts general disagreement with the magistrate judge's conclusion and again requests an evidentiary hearing. The magistrate judge thoroughly considered the issue and the applicable law, and the court agrees with her conclusion. The petitioner's fifth objection is overruled.

The court, accordingly, ORDERS as follows:

1. That the petitioner's objections to the PF&R be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and they hereby are, adopted and incorporated in full;

3. That the petitioner's petition for a writ of habeas corpus be, and hereby is, denied; and

4. That the respondent's motion for judgment on the pleadings be, and hereby is, granted; and

5. That this case be, and hereby is, dismissed and stricken from the court's docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: August 6, 2019

John T. Copenhaver, Jr.
Senior United States District Judge